

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SANDY BALDANZA,

                Plaintiffs,

-against-

ANTHONY (WING ON) FU, JOE (KIN ON) FU,
EQUALS 4, INC., JOHN DOE, SUPREME PACIFIC, LTD.
AND SHANGHAI NAN HONG GARMENT FACTORY

                Defendants.
-------------------------------------------------------------X

NOTICE
TO WITHDRAW AS
COUNSEL

Civil Action

Index # 12 CIV 8956

Dear Honorable Judge Hellerstein,

    The Law Office of Biana Borukhovich, LLC ("Biana Borukhovich"), which has served as counsel for the Plaintiff Sandy Baldanza ("Baldanza") since the commencement of this action, submits this letter and Baldanza's letter (Consent to Withdraw) in order to be granted permission to withdraw as counsel for Baldanza on the grounds of deterioration of relations and nonpayment of legal fees.

## ARGUMENT

    An order permitting the withdrawal of counsel of record may be granted "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal ...." S.D.N.Y. Local Rule 1.4. Here, such satisfactory reasons plainly exist and withdrawal should be permitted.

    First, where there is an existing client but the client fails to "cooperate with counsel in the prosecution or defense of an action by, among other things, failing to communicate with counsel," it is well established that "an adequate basis" exists "upon which to permit an attorney to be released from the obligation of continuing to represent the attorney's client." Callahan v. Consolidated Edison Co. of New York, Inc., No. 00 Civ. 6542(LAK)(KNF), 2002 WL 1424593, *1 (S.D.N.Y. July 1,2002). In addition, Rule 1. 16(c)(7) of the New York Rules of Professional Conduct expressly authorizes withdrawal when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." Here, the attorney's for plaintiff, Biana Borukhovich and Baldanza's relationship and communications have deteriorated. For the forgoing reason, the attorney for the plaintiff cannot zealously and diligently pursue with this claim. Hence, it would be in Baldanza's best interest to obtain new counsel or appear pro se.

    Second, the New York Rules of Professional Conduct also authorize withdrawal where "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Rules of Prof. Conduct 1. 16(c)(5). Thus, "[i]t is well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion to withdraw." D.E.A.R. Cinestudi

*[Handwritten note:]* Motion denied. No satisfactory reason has been given to warrant withdrawal of counsel without a substitution of new counsel. [signature] 2-27-13

S.P.A. v. International Media Films, Inc., No. 03 Civ. 3038(RMB), 2006 WL 1676485, *1 (S.D.N.Y. June 16,2006); see also !tar-Tass Russian News Agency v. Russian Kurier, Inc., No. 95 Civ. 2144(JGK), 1997 WL 109511, at * 2 (S.D.N.Y. Mar. 11, 1997) ("Courts have uniformly granted motions to withdraw when attorneys allege non-payment of fees by their clients. "). Here, Baldanza has failed to pay the balance due for over two months.

## CONCLUSION

For all the foregoing reasons, I respectfully request that you grant an order to the right to withdraw as counsel for Plaintiff, Baldanza. Thank you for your time and efforts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, NY
       February 19, 2013

                                              Respectfully Submitted,

                                              Biana Borukhovich, Esq.
                                              1809 Coney Island Ave
                                              Brooklyn, NY 11230
                                              (347) 450-1811
                                              Biana@bb-lawfirm.com

Judge wrote:

"Motion denied. No satisfactory reason has been given to warrant withdrawal of counsel without a substitution of new counsel.

2-27-13
Alvin K. Hellerstein"