

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/22/13

RECEIVED
MAR 13 2013
CHAMBERS OF
ALVIN K. HELLERSTEIN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------

SANDY BALDANZA,

**MOTION FOR**
**RECONSIDERATION**
**AND REARGUMENT**
**TO WITHDRAW AS**
Plaintiffs,     **COUNSEL**

-against-

ANTHONY (WING ON) FU, JOE (KIN ON) FU,     Civil Action
EQUALS 4, INC., JOHN DOE, SUPREME PACIFIC, LTD.
AND SHANGHAI NAN HONG GARMENT FACTORY     Index # 12 CIV 8956

Defendants.
-----------------------------------------------X

     Pursuant to Southern District of New York Local Rules 1.4 and 6.3, The Law Office of Biana Borukhovich ("Biana Borukhovich") respectfully submits this motion for reconsideration and reargument to withdraw as counsel of record for Plaintiff Sandy Baldanza (Plaintiff) in the above-captioned matter.

### PREVIOUS RULING

     The prior motion to withdraw as counsel (See Exhibit A, Notice to Withdraw as Counsel) was denied based on lack of satisfactory reason to warrant withdrawal without a substitution of counsel. In the foregoing paragraphs, counsel is offering additional facts and arguments to support the motion to withdraw.

### PRELIMINARY STATEMENT AND BACKGROUND FACTS

     Biana Borukhovich seeks leave to withdraw as counsel of record for Plaintiff because: (1) The attorney-client relationship and communications between Biana Borukhovich and Plaintiff have deteriorated; (2) Plaintiff failed to live up to his contractual obligations by failing to timely pay his legal fees and expenses and (3) Other confidential issues arose that impair Biana Borukhovich's ability to zealously advocate on behalf of the Plaintiff which cannot be disclosed due to attorney client privilege.

     Pursuant to Exhibit B, Plaintiff has consented for the withdrawal of counsel. Thereafter, Plaintiff has advised counsel on numerous occasions, since the 8th day of February 2013, that he is attempting to retain another attorney, however there is no knowledge if he has done so because the Plaintiff stopped responding to counsels correspondence. In addition, Plaintiff has forbid counsel to communicate with opposing counsel or participate in hearings (See Exhibit B, Consent to Withdraw). For this reason, it is our ethical obligation to ask for a reasonable stay of all the proceedings in this matter for 30 days from the date of the order to be made herein, in order to permit the Plaintiff additional time to continue his efforts to retain new counsel, although Plaintiff

*[Handwritten:]* The motion will be heard April 5, 2013 10-0'm. Sandy Baldanza and Biana Borukhovich shall attend.
7-21-13
Alan K Hellerst

has previously advised counsel that he does not want to stall this case in any way.

Moreover, During the course of Biana Borukhovich's representation in this litigation, Biana Borukhovich has performed a substantial amount of work in connection with the initial phases of this action. Hence, she has spend numerous amount of hours dissecting the facts of this case and writing a detailed Summons and Complaint, which had to be revised multiple times in accordance with the requests of the Plaintiff.

Despite the substantial amount of work undertaken on the Plaintiffs' behalf, he has failed to live up to his contractual obligation to pay Biana Borukhovich's legal fees and expenses on a timely basis. Notwithstanding Plaintiff's agreement to pay invoices for Biana Borukhovich's legal fees and repeated requests by Biana Borukhovich for payment, Plaintiff has left a substantial sum unpaid and outstanding for legal services rendered in the above-captioned action as well as costs incurred on Plaintiffs' behalf.

As Plaintiff continued to fail to pay his legal fees, Biana Borukhovich went to substantial efforts and lengths to negotiate with the Plaintiff for payment of the outstanding amounts, including communications, by telephone and through email. In an attempt to resolve the outstanding legal fees with Plaintiff, Biana Borukhovich agreed to give multiple extensions for when Plaintiff can pay off his debt to The Law Office of Biana Borukhovich. Every time the Plaintiff stated that he would pay the following week and the payment was never received.

However, on the 4th day of March 2013, The Law Office of Biana Borukhovich received a check from the Plaintiff for Five Hundred ($500) Dollars that stated, "Payment in Full", which only covered the Filling and Process Server's Fees. Consequently, Biana Borukhovich contacted the Plaintiff by telephone and confronted the forgoing issue. The Plaintiff clearly stated that he was not planning on paying the balance.

As a result of Plaintiffs' refusal to pay counsel her legal fees and other significant costs incurred in connection with the above-captioned matter, Biana Borukhovich is unable to adequately represent the interests of Plaintiff.

Counsels recent communications with the Plaintiff have made it clear that there has been a significant erosion of the attorney-client relationship. To illustrate this fact, the Plaintiff has forbid counsel to participate in a hearing scheduled by the opposing counsel. In addition, Plaintiff has forbid counsel to have any further communications with opposing counsel.

Biana Borukhovich has advised Plaintiff of her intention to terminate its representation and withdraw as their counsel. Plaintiff has consented to the counsel withdrawing in this matter. Biana Borukhovich's withdrawal will not prejudice the litigation, nor substantially impede the progress of this action.

## ARGUMENT

I. **The Rules of Professional Conduct and Local Rule 1.4 Relieve An Attorney**

**Of Record By Order Of Court**

Pursuant to Local Rule 1.4 of the Southern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." The New York State Rules of Professional Conduct, Rule 1.16 permits withdrawal of counsel where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Prof. Conduct Rule 1.16.

## II. Defendants' Failure to Pay Its Legal Fees and Expenses Alone Constitutes Sufficient Good Cause for Permitting Withdrawal of Counsel

The Second Circuit has acknowledged that "where the client 'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990) and N.Y. Code of Prof'l Responsibility D.R. 2-110(C)(a)(f)). Similarly, this Court consistently has found the failure to pay legal fees to be a legitimate ground for granting a motion to withdraw as counsel. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, at *7-8 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 U.S. Dist. LEXIS 17008, at *1 (S.D.N.Y. Aug. 15, 2005) ("'Satisfactory reasons include failure to pay legal fees.") (internal citations omitted); *Cower v. Albany Law Sch. of Union Univ.*, No. 04 Civ. 0643 (DAB), 2005 U.S. Dist. LEXIS 13669, at *16 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.") (citation omitted); *HCC, Inc. v. R H & M Mach. Co.*, No. 96 Civ. 4920 (PKL), 1998 U.S. Dist. LEXIS 10977, at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."); *WABC-AM Radio, Inc. v. Vlahos*, 89 Civ. 1645, 1992 WL 276550, at *1-2 (S.D.N.Y. Sept. 29, 1992) (granting motions to withdraw on ground of client's failure to pay fees even if this would cause a delay in the litigation).

Accordingly, courts regularly grant counsel's motion for leave to withdraw where, as here, a client fails to pay fees for legal services rendered or is unable or unwilling to pay for services to be rendered in the future. Thus, in light of Plaintiffs' continual failure to honor their contractual obligations to pay Biana Borukhovich's invoices for its legal fees and expenses, Biana Borukhovich's motion to be relieved as counsel of record for the Defendants should be granted.

## III. Irreconcilable Differences With Client Further Warrants Withdrawal of Counsel

Under Rule 1.16(c)(7), the lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

"'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.,* No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at \*4- \*5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd.,* No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire v. Wilson,* 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection,* No. 1997 U.S. Dist. LEXIS 16328, at \*8-\*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw.").

As a result of Plaintiffs' continued failure and refusal to pay their legal fees and expenses, an irreconcilable conflict and tension have developed between Plaintiff and Biana Borukhovich. Recent communications with the Plaintiff have made it clear that there has been a significant erosion of the attorney-client relationship. Moreover, Biana Borukhovich can no longer adequately represent the interests of Plaintiff. As noted above, the Plaintiff has prohibited Biana Borukhovich from acting on his behalf in this case and has failed to respond to multiple emails from Biana Borukhovich.

## CONCLUSION

For the foregoing reasons, Biana Borukhovich respectfully requests that the Court grant its motion to withdraw as counsel of record for Plaintiff.

Dated: New York, NY

March 11, 2013

Biana Borukhovich, Esq.
*Attorney for Plaintiff*
1809 Coney Island Avenue
Brooklyn, New York 11230
(347) 450-1811

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
SANDY BALDANZA,

                   **AFFIRMATION**

              Plaintiffs,

-against-

ANTHONY (WING ON) FU, JOE (KIN ON) FU,
EQUALS 4, INC., JOHN DOE, SUPREME PACIFIC, LTD.    Civil Action
AND SHANGHAI NAN HONG GARMENT FACTORY

                                      Index # 12 CIV 8956

              Defendants.
--------------------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF MOTION TO REARGUE/RECONSIDER

      BIANA BORUKHOVICH, an attorney duly admitted to practice in the courts of

this State, hereby affirms, under penalties of perjury, that the following statements are

true, except those made upon information and belief, which he believes to be true:

1. I am counsel for plaintiff, Sandy Baldanza, and as such I am fully familiar with

   the facts and circumstances of this case from a file maintained in my office,

   as well as from my personal interaction with the plaintiff above-captioned, and

   I make this affirmation in support of the instant application to withdraw as

   attorney of record pursuant to Local Civil Rule 1.4.

2. This application is made because of a breakdown in communications

   between myself and my client, as well as, confidential issues that have arisen

   that impair my ability to zealously advocate my clients position in this matter,

   while at the same time honoring my obligations to act within the constraints

   imposed upon an officer of the Court. I am not at liberty to disclose the details

   of these issues due to attorney client privilege.

3. By previous letter motion to Honorable Judge Hellerstein of February 19, 2013, I requested to be relieved as counsel. However, this was denied for the reason that no satisfactory reason has been given to warrant withdrawal of counsel without a substitution of counsel. I have offered additional facts and arguments in the annexed Motion for Reconsideration and Reargument to withdrawal as counsel.

4. Pursuant to that order, I tried reaching out to my client to find out if he has obtained new counsel. However, he has stopped responding to my correspondence since the time that the previous motion to withdraw was made.

5. In addition, since the last motion, my client has forbid me to participate in a Rule 26 (f) hearing that was scheduled by the opposing counsel. You can also note that the Plaintiff has disallowed me to act on his behalf in Exhibit B, where he specifically states "I expect you to have no further communications with counsel for the defendants".

6. Furthermore, my client has failed to pay the balance of his fees, which he has promised me on multiple occasions that he would and stated that he would in Exhibit B.

Dated: New York, NY

March 11, 2013

Biana Borukhovich, Esq.
*Attorney for Plaintiff*
1809 Coney Island Avenue
Brooklyn, New York 11230
(347) 450-1811

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the Motion of Reconsideration to

Withdraw as Counsel to be served by First-Class mail this 11th day of March 2013 to:

Kenneth R. Schachter
30 Rockefeller Plaza
New York, NY 10112

and

Sandy Baldanza
PO Box 246
Pound Ridge, NY 10576

Dated: New York, NY

      March 11, 2013

Biana Borukhovich, Esq.
*Attorney for Plaintiff*
1809 Coney Island Avenue
Brooklyn, New York 11230
(347) 450-1811

Judge wrote:

"The motion will be heard April 5, 2013 10:45 a.m.  Sandy
Baldanza and Biana Borukhovich shall attend.

3-21-13
Alvin K. Hellerstein"